**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIANNA ROCCHIO,

Plaintiff,

v. CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC. and
TRANS UNION LLC,

Defendants.
_______________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Marianna Rocchio (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Experian Information Solutions, Inc. (hereinafter "Experian") and Trans Union LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District and in the Tampa Division as Plaintiff is a natural person and resident of Sarasota County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

15. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

16. Plaintiff maintained a credit card account with Ally Financial Inc. ("Ally"), Account No. ending 2101 (the "Account").

17. The Account was linked to Plaintiff's Sam's Club account.

18. On or about March 6, 2026, Plaintiff was checking out at her local Sam's Club in Sarasota, Florida. Plaintiff used her Ally credit card to complete her purchase, which totaled $97.60.

19. Plaintiff then reviewed the Account through her Sam's Club mobile application and discovered a fraudulent charge of $666.14 on the Account (the "Fraudulent Charge").

20. The Fraudulent Charge originated in the State of Illinois. Plaintiff resides in Florida and did not make, authorize, or benefit from the Fraudulent Charge.

21. Plaintiff immediately closed the Account and disputed the Fraudulent Charge with Ally.

22. Plaintiff also spoke with representatives of Sam's Club, who informed her that her Sam's Club account had been hacked.

23. Plaintiff reported the fraud to law enforcement by filing a police report with the Sarasota County Sheriff's Office (Incident #26-48231), submitted an identity theft report to the Federal Trade Commission ("FTC") (report no.: 201883373), completed a Walmart/Sam's Club Identity Theft Affidavit, and filed a complaint with the Consumer Financial Protection Bureau ("CFPB") (report no.: 260521-33008510).

24. Plaintiff thereafter received a letter from Ally, now Ollo, stating that it had investigated the unauthorized transaction and closed it.

25. On or about July 2, 2026, Plaintiff obtained a copy of her consumer credit report from Trans Union and discovered that the Account was being reported with a balance that included the Fraudulent Charge.

26. On or about July 10, 2026, Plaintiff mailed detailed dispute letters via Certified USPS Mail to Experian (Tracking #9589 0710 5270 2584 5336 74) and

Trans Union (Tracking #9589 0710 5270 2584 5336 81) disputing the balance of the Account as inaccurate, explaining that the balance included the Fraudulent Charge, which was the product of fraud and which she did not make or authorize.

27. Plaintiff's dispute letters included, among other supporting documentation, a copy of her driver's license and Social Security card, a phone bill reflecting her address, her Ally account statement, Ally's letter regarding the unauthorized transaction, her police report, her FTC report, her Walmart/Sam's Club Identity Theft Affidavit, her CFPB complaint, photocopies of her card, and the billing statement reflecting the Fraudulent Charge.

28. In response to Plaintiff's dispute, to Plaintiff's dismay, Experian verified the Account as accurate and made no corrections to the reported balance.

29. In response to Plaintiff's dispute, to Plaintiff's dismay, Trans Union verified the Account as accurate and made no corrections to the reported balance.

30. Experian failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted information it received from Ally. Experian never attempted to contact Plaintiff during its purported investigation.

31. Trans Union failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted information it received from Ally. Trans Union never attempted to contact Plaintiff during its purported investigation.

32. Experian and Trans Union each ignored the documentation Plaintiff provided, including a police report, an FTC report, and a letter from the original creditor itself acknowledging that the transaction was unauthorized.

33. On or about October 13, 2026, Plaintiff obtained updated copies of her consumer credit reports and discovered that Experian and Trans Union continued to report the Account, now under "Merrick Bank", with an inaccurate balance that includes the Fraudulent Charge.

34. Plaintiff's updated credit reports also reflect late payments on the Account in or around September 2026, arising from the inaccurate balance Plaintiff does not owe.

35. As of the filing of this Complaint, upon information and belief, Experian and Trans Union continue to report the Account with an inaccurate balance on Plaintiff's credit files.

36. Plaintiff continues to suffer as of the filing of this Complaint as a result of Defendants' reluctance to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

37. Had Defendants conducted a reasonable investigation in response to Plaintiff's dispute, the results would have been different.

38. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

39. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, and Plaintiff's attempts to correct her credit file have resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iii. Damage to her credit file and credit score, including the reporting of late payments arising from a balance she does not owe, as a result of Defendants' failure to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from the inaccurate reporting; and

v. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## **CAUSES OF ACTION**
## **COUNT I**

**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

40. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42. Experian allowed for a furnisher, Merrick, to report inaccurate and erroneous account information to Plaintiff's credit file.

43. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

44. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

45. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

46. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

50. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51. Experian allowed for a furnisher, Merrick, to report inaccurate and erroneous account information to Plaintiff's credit file.

52. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

53. Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

54. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

55. As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

56. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT III
## Violation of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc. (Negligent)

58. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

59. After receiving Plaintiff's dispute, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

60. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent

investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

61. Plaintiff provided Experian with the information it needed to confirm that the balance of the Account was inaccurate because it included the Fraudulent Charge. Experian ignored this information and failed to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

62. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

66. After receiving Plaintiff's dispute, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

67. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

68. Plaintiff provided Experian with the information it needed to confirm that the balance of the Account was inaccurate because it included the Fraudulent

Charge. Experian ignored this information and failed to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

69. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

72. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

73. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74. Trans Union allowed for a furnisher, Merrick, to report inaccurate and erroneous account information to Plaintiff's credit file.

75. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

76. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

77. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

78. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

79. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT VI
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

81. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

82. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83. Trans Union allowed for a furnisher, Merrick, to report inaccurate and erroneous account information to Plaintiff's credit file.

84. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

86. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

88. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89. Plaintiff is entitled to recover costs and attorney’s fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney’s fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

90. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

91. After receiving Plaintiff's dispute, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

92. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

93. Plaintiff provided Trans Union with the information it needed to confirm that the balance of the Account was inaccurate because it included the

Fraudulent Charge. Trans Union ignored this information and failed to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

94. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

95. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT VIII
## Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

97. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

98. After receiving Plaintiff's dispute, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's dispute; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the dispute; and (v) relying upon verification from a source it has to know is unreliable.

99. Despite the information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's dispute and simply transferred the duty to investigate to the furnisher.

100. Plaintiff provided Trans Union with the information it needed to confirm that the balance of the Account was inaccurate because it included the Fraudulent Charge. Trans Union ignored this information and failed to conduct a thorough investigation into her dispute or otherwise make her credit file accurate.

101. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the

stress, anguish, humiliation, and apprehension in dealing with her credit and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Marianna Rocchio, respectfully requests that this Court award judgment for actual, statutory, and punitive damages against Defendants, Experian Information Solutions, Inc. and Trans Union LLC, jointly and severally; award Plaintiff attorneys' fees and costs; award prejudgment and post-

judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of October, 2026.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*